THE STATE, EX REL. KOHL, *v.* DUNIPACE.

(No. 78-770—Decided December 4, 1978.)

Mr. *Thomas W. Kohl, pro se.*
Mr. *H. Richard Dunipace, pro se.*

*Per Curiam.* The issue before this court is whether the respondent has a right to the office of city solicitor by virtue of the requirement in R. C. 733.49 that a "city solicitor" be "an elector of the (same) city," which respondent admittedly is not. (Parenthetical material added.)

Respondent argues that Section 3, Article XVIII of the Constitution of Ohio, authorizes municipalities to establish requirements for its officers different from those set forth by statute, in which case respondent's office would be governed by the charter of Perrysburg rather than by R. C. 733.49.

Section 3 of Article XVIII provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

In *State, ex rel. Bindas,* v. *Andrish* (1956), 165 Ohio St. 441, this court interpreted the above language to limit the authority of municipalities to adopt and enforce "police, sanitary and other similar regulations" which "are not in conflict with general laws," but not to limit municipalities with respect to other "powers of local self-government." This court understood the expression "are not in conflict with general laws" to modify "local police, sanitary and other similar regulations," not the words "powers of local self-government." *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191. The result is that municipalities have the power to enact local legislation, as distinguished from matters of statewide concern without regard to general laws on the subject, except to the extent this power is limited by the Constitution itself. The city of Perrysburg, by making provision for a city solicitor in its charter, exercised a right within its power, to the exclusion of conflicting general laws.

The issue thus becomes whether the Perrysburg charter addresses itself specifically to the requirements for the office of city solicitor so as to make R. C. 733.49 inapplic-

able. In *Andrish, supra,* this court, at page 445, stated that the establishment of certain qualifications for an office by city charter inferentially excludes the requirement of other qualifications. Where a charter is silent as to certain matters, this court's function is to interpret the charter to determine whether this inference of intended exclusion reflects community purpose.

Here, Section 2.0, Article VII, of the Perrysburg charter provides that the city solicitor shall be duly admitted to practice law in Ohio and that he be appointed by the mayor and confirmed by the council. It makes no mention of a requirement that the solicitor also be a resident or elector of Perrysburg. In contrast, Section 2.0 of Article IV, and Section 2.0 of Article III of the charter, respectively, provide that the mayor and members of council must be residents and electors of Perrysburg. Clearly, the city of Perrysburg knew how to make provision for restricting certain offices to residents or electors of Perrysburg. By not so providing for the office of city solicitor, this court can only presume the city intended that the solicitor need be neither a resident nor an elector of Perrysburg. Since the Perrysburg charter has provided requirements for the office of city solicitor, R. C. 733.49 is inapplicable. Accordingly, relator has failed to show that respondent is not entitled to his office.

For reasons stated in this opinion, judgment, with costs, is hereby granted to respondent and the writ of *quo warranto* is denied.

*Writ denied.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.