THE STATE, EX REL. THOMAS, APPELLANT, *v.* KANE [SPECIAL PROSECUTOR],
APPELLEE.*

[Cite as State, ex rel. Thomas, *v.* Kane (1989), 43 Ohio St. 3d 164.]

*Quo warranto—Challenge to appointment of special prosecutor—Court in its discretion may appoint attorney to prosecute action—R.C. 2733.07—Leave to file quo warranto complaint properly overruled, when.*

(No. 88-1484—Submitted March 28, 1989—Decided June 14, 1989.)

*Robin Thomas, pro se.*

*Lawrence A. Kane, Jr.,* special prosecutor for the state of Ohio, *Mark A. Vander Laan, Carl J. Stich, Jr.,* and *Kenneth S. Resnick,* for appellee.

*Per Curiam.* Appellant argues that the court of appeals erred by requiring Draper to first demand or request the Hamilton County Prosecuting Attorney or the Attorney General to bring an action in quo warranto and by requiring Draper to submit evidence of the prosecuting attorney's disqualifying interest in the case. Appellant then repeats Draper's argument from the court of appeals that the prosecuting attorney must be considered interested in the case because the prosecuting attorney and the special prosecutor have a concurrent interest in enforcing the criminal laws. We reject these arguments and affirm the judgment of the court of appeals.

Appellant claims a right to bring the action under R.C. 2733.07, which states:

"When the office of prosecuting attorney is vacant, or the prosecuting

---

* This cause was originally styled *State, ex rel. Draper et al., v. Kane et al.* The action by petitioner Marvin L. Warner against respondent Judge Robert P. Ruehlman for a writ of prohibition was voluntarily dismissed in the court of appeals.

attorney is absent, interested in the action in quo warranto, or disabled, the court, or a judge thereof in vacation, may direct or permit any member of the bar to act in his place to bring and prosecute the action."

Although R.C. 2733.06 permits an individual who claims title to a public office to bring a personal action in quo warranto, we have stated that the action is primarily a state action " 'to shield the sovereignty of the state from invasion and to prevent the abuse of corporate powers.' " *State, ex rel. Cain,* v. *Kay* (1974), 38 Ohio St. 2d 15, 17, 67 O.O. 2d 33, 34, 309 N.E. 2d 860, 862, quoting from *State* v. *Dayton Traction Co.* (1901), 64 Ohio St. 272, 280, 60 N.E. 291, 291-292. See, also, R.C. 2733.04 and 2733.05. In this regard, we view R.C. 2733.07 as granting a court discretion to appoint an attorney of its choice to bring or prosecute an action on behalf of the state whenever the prosecuting attorney is absent, interested in the action, or disabled.

In this case, the court of appeals held that Draper had presented no evidence that the prosecuting attorney had a disqualifying interest in the proposed action. We read its opinion not as requiring, *per se,* that Draper had to request the prosecuting attorney to bring the action or had to submit any particular evidence, but that he had to present some evidence of the alleged interest, which he failed to do. The court of appeals did not accept Draper's argument that the prosecuting attorney's disqualifying interest was self-evident, and it was not required to do so. Moreover, we do not read R.C. 2733.07 to *require* Draper's appointment rather than another's to represent the state, even if the court of appeals *had* found that the prosecuting attorney was interested in the action. Under R.C. 2733.07, the discretion lies with the court to appoint, not with the attorney who wants to be appointed.

Appellant relies on *State, ex rel. Kohl,* v. *Dunipace* (1978), 56 Ohio St. 2d 120, 10 O.O. 3d 309, 382 N.E. 2d 1358. In that case, this court appointed a private attorney to bring a quo warranto action to oust a city solicitor when it was shown that the local prosecuting attorney was the respondent-solicitor's son-in-law. An examination of the record in that case discloses that the private attorney had requested the prosecuting attorney to bring the action, and that the prosecuting attorney declined, disclosed his interest in the action, and advised the private attorney to bring the action. Thus, in *Kohl,* there was evidence of a fairly unambiguous interest of the prosecuting attorney in the cause, which this court accepted along with the attorney who came forward. In the instant case, there is only appellant's debatable assertion that the local prosecuting attorney *must* be considered interested, which the court of appeals rejected. Accordingly, we find that the court of appeals did not abuse its discretion in overruling Draper's motion for leave to file a complaint in quo warranto.

Finally, appellant presents the arguments she would have presented if permitted to bring the action concerning the constitutionality of the law under which Kane was appointed. Because the case is before us only on the overruling of the motion for leave to file the complaint, it would be premature to address these issues, and we decline to do so.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., not participating.