THE STATE EX REL. PALUF ET AL., APPELLEES, *v.* FENELI, APPELLANT.

[Cite as *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138.]

(No. 93–279—Submitted February 22, 1994—Decided April 27, 1994.)

*Philip J. Korey,* for appellees.

*Louis H. Orkin* and *Judith Carlin,* for appellant.

*Per Curiam.* Appellant in his first proposition of law asserts that the court of appeals erred in granting the writ of quo warranto to Paluf. In order for a writ of quo warranto to issue, a relator must establish (1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office. *State ex rel. Delph v. Barr* (1989), 44 Ohio St.3d 77, 541 N.E.2d 59, syllabus; *State ex rel. Randles v. Hill* (1993), 66 Ohio St.3d 32, 34, 607 N.E.2d 458, 460.

The court of appeals determined that the Highland Heights Charter provided that the selection of a law director was an executive act vested in the mayor, subject to confirmation by the city council only to assure compliance with the sole qualification specified in the charter, *i.e.,* that the law director be admitted to practice law in Ohio. The court of appeals based its determination upon *State ex rel. Halak v. Skorepa* (1983), 6 Ohio St.3d 97, 6 OBR 135, 451 N.E.2d 777, *State ex rel. Corrigan v. Noble* (1986), 26 Ohio St.3d 84, 26 OBR 72, 497 N.E.2d 84, and *Cuyahoga Falls v. Robart* (1991), 58 Ohio St.3d 1, 567 N.E.2d 987, as well as the interpretative maxim *expressio unius est exclusio alterius.* Appellant contends that the foregoing authorities are inapplicable and that the lower court's interpretation contravenes the intent of the city charter as well as the separation of powers doctrine.

Municipalities, pursuant to the powers granted by Section 3, Article XVIII of the Ohio Constitution (the Home Rule Amendment), " 'have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.' " *Geauga Cty. Bd. of Commrs. v. Munn Rd. Sand & Gravel* (1993), 67 Ohio St.3d 579, 582, 621 N.E.2d 696, 699. The phrase "not in conflict with general laws" does not modify the "powers of local self-government" language of the Constitution; therefore, Section 3, Article XVIII of the Ohio

Constitution empowers municipalities to enact requirements for employees which differ from those set forth within the Revised Code. See, *e.g., Fenton v. Enaharo* (1987), 31 Ohio St.3d 69, 70–71, 31 OBR 183, 184, 509 N.E.2d 67, 68–69.

This case involves the interpretation of the Highland Heights Charter. In interpreting a charter, the following principles should be emphasized:

"The provisions of a home rule charter derive their authority from the Ohio Constitution itself, which is the source and, together with the Constitution of the United States, is the measure of the extent of the validity of the provisions. The construction of a charter is a matter of law, to be determined by a court.

"Municipal charters are to be so construed as to give effect to all separate provisions and to harmonize them with statutory provisions whenever possible. In the absence of circumstances requiring otherwise, language used in a municipal charter is to be construed according to its ordinary and common usage. * * *" (Footnote omitted.) 1 Gotherman & Babbitt, Ohio Municipal Law (2 Ed.1992) 55, Section T 4.39, citing *State ex rel. Butcher v. Wildenheim* (Jan. 3, 1990), Lorain App. No. 89CA4563, unreported, 1990 WL 1204; cf., also, R.C. 1.42; *State v. S.R.* (1992), 63 Ohio St.3d 590, 595, 589 N.E.2d 1319, 1323.

Section 6.02, Article VI of the charter provides that the mayor's appointment of a law director is expressly "subject to confirmation by a majority vote of the members of Council." As noted by appellant, there is a distinction between the power to appoint and the power to confirm:

"Ordinarily, the word 'appoint,' means to name or designate some person to hold the office. It involves a matter of choice in the selection of the person to hold the office. * * * It is apparent from an examination of Section 21 [of Article III, Ohio Constitution] that no power to appoint was vested in the Senate, that at the time the Senate acts the appointment is complete, and that the Senate has only the negative power to reject such appointment." *State ex rel. Brothers v. Zellar* (1966), 7 Ohio St.2d 109, 113, 36 O.O.2d 107, 109, 218 N.E.2d 729, 732.

Similarly, the Highland Heights Charter grants council the power to reject a mayoral appointment for the position of law director. In effect, the appointment process appears to be a practical outworking of the doctrine of separation of powers, with the mayor appointing the law director subject to council confirmation. See, generally, 1 Rotunda & Nowak, Treatise on Constitutional Law (2 Ed.1992) 669, Section 9.4.

As noted previously, the court of appeals relied upon several prior cases of this court to support its issuance of a writ of quo warranto. In *Halak, supra,* 6 Ohio St.3d at 98, 6 OBR at 136, 451 N.E.2d at 778, the court allowed a writ of mandamus to compel the approval by the City Council of North Royalton, Ohio, of the mayor's appointment for law director where the charter specified that

"[d]isapproval by Council shall be allowed when an appointee fails to meet the qualifications of the position established by Charter or by Ordinance" and the charter did not define the qualification of two years' "experience in the field of municipal law." (Emphasis deleted.)

*Halak* emphasized at 99, 6 OBR at 137, 451 N.E.2d at 779, in allowing the writ:

"The need for established guidelines is well-illustrated herein. In adopting these charter provisions, it is apparent that the people of North Royalton intended first, that the qualifications for the position of law director be fixed and determined by the Charter. Secondly, the Mayor was granted the power to appoint a law director having the specified qualifications. Third, City Council was granted the power to disapprove an appointment only where the appointee does not meet the specified qualifications."

Conversely, in this case, the city council's power pursuant to the charter to disapprove the mayor's appointment of a law director was *not* restricted to a failure to meet the qualifications specified in the Highland Heights Charter. Consequently, *Halak* is inapposite.

Similarly, *Robart* merely held that when a city charter imposes a duty on the law director to represent the city in all its litigation, the charter prohibits, by implication, the city from appointing outside counsel, in place of the regular law director, to represent the city in its litigation. *Robart* acknowledged that the charter provision did not affect the city's ability to employ outside counsel to assist the law director. *Id.,* 58 Ohio St.3d at 5, 567 N.E.2d at 991–992, fn. 2. In *Corrigan,* the court held that in view of the provisions of the charter, a newly elected mayor need not accept the discretionary appointees of the previous mayor. By contrast, appellee Swanson reappointed Feneli twice to the law director position before deciding to make a new appointment.

The court of appeals further relied upon *expressio unius est exclusio alterius* to hold that by specifying in the charter that the law director must be duly admitted to practice law in Ohio, the people of the city inferentially expressed an intention that admittance to the practice of law was the only required qualification and, further, that council could only refuse to confirm an appointment because of a failure of an appointee to meet that sole qualification. *Expressio unius est exclusio alterius* is an interpretative maxim meaning that if certain things are specified in a law, contract, or will, other things are impliedly excluded. *Harris v. Atlas Single Ply Sys., Inc.* (1992), 64 Ohio St.3d 171, 173, 593 N.E.2d 1376, 1378; *Vincent v. Zanesville Civ. Serv. Comm.* (1990), 54 Ohio St.3d 30, 33, 560 N.E.2d 226, 229, at fn. 2. The maxim has been applied in quo warranto cases to exclude additional statutory qualifications where municipal charters state only certain qualifications. *State ex rel. Kohl v. Dunipace* (1978), 56 Ohio St.2d 120, 10 O.O.3d 309, 382 N.E.2d 1358; *State ex rel. Bindas v. Andrish* (1956), 165 Ohio

St. 441, 60 O.O. 92, 136 N.E.2d 43.  Cf. *Fenton, supra,* 31 Ohio St.3d at 72, 31 OBR at 185–186, 509 N.E.2d at 69–70.  However, the mere fact that other statutory qualifications were impliedly excluded by the Highland Heights Charter's specification that the law director be admitted to practice law in Ohio, does not support the further conclusion that council was thereby limited to that qualification.  As noted earlier, the charter here, unlike the one in *Halak,* did not specifically limit council's confirmation power.  Confirmation power is in the nature of an additional qualification to hold office after initial appointment.  The power may be limited and specific, as in *Halak,* or broad, as in this case.  It is broad when not specifically limited by reference to other qualifications, or otherwise.  In any case, it is an independent charter requirement, and, as such, is not governed by the cases that concern additional statutory qualifications.

The home rule powers of local self-government are available unless restricted, and, therefore, a city possesses authority to act in ways not specified by, but not in violation of, its charter.  *State ex rel. Bedford v. Cuyahoga Cty. Bd. of Elections* (1991), 62 Ohio St.3d 17, 21, 577 N.E.2d 645, 648.  Consequently, the city council possessed the power to refuse to confirm Paluf for reasons other than the failure to comply with the single qualification specified in the charter.  The court of appeals reasoned that "[i]f the mayor must answer to the electorate for what happens in the law department, then the mayor must be able to control it."  However, the charter expressly provides for council's confirmation power, which is not limited to the specified qualification.  Also, the charter specifies that the law director performs duties for the council as well as the mayor.  Additionally, the existence of the confirmation power does not necessarily usurp the mayor's "control" of the law department.  In interpreting city charter provisions, neither their wisdom nor their desirability is subject to judicial review as long as it is a matter of purely local concern.  *State ex rel. Hackley v. Edmonds* (1948), 150 Ohio St. 203, 217, 37 O.O. 474, 479, 80 N.E.2d 769, 775; Gotherman & Babbitt, Ohio Municipal Law, *supra,* at 41, Section T 4.01(C).  Moreover, this interpretation is no more violative of the separation of powers doctrine than are the advise and consent clauses of the United States and Ohio Constitutions.  See *State v. Warner* (1990), 55 Ohio St.3d 31, 43–44, 564 N.E.2d 18, 31, for a general discussion concerning separation of powers; cf., also, *Leek v. Theis* (1975), 217 Kan. 784, 539 P.2d 304.

The court of appeals finally concluded that it could not "infer that council has an unlimited scope of review of appointment, because such an inference would produce unacceptable means to circumvent the charter."  However, appellant has never contended that council possesses an "unlimited scope of review."  Instead, appellant concedes that council's determination may still be reviewed to correct an abuse of its discretion.  See, *e.g., State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL–CIO, CLC v. State*

*Emp. Relations Bd.* (1993), 66 Ohio St.3d 157, 159, 609 N.E.2d 1266, 1267 (mandamus is an appropriate remedy where no statutory right to appeal is provided to correct an abuse of discretion in administrative proceedings). Additionally, such interpretation does not "circumvent" the charter; instead, it gives effect to its plain language.

In sum, in reviewing the manifest language of the Highland Heights Charter, the court of appeals erred in concluding that council's confirmation power was limited to a determination as to whether the law director appointee was admitted to practice law in Ohio. Neither *Halak, Robart, Corrigan, expressio unius est exclusio alterius,* nor the doctrine of separation of powers requires a contrary result. Any dissatisfaction with the charter provision may be expressed through amendment of the charter by the people of Highland Heights. Appellant's first proposition of law is well taken.

Appellant in his second proposition of law asserts that the court of appeals erred in failing to grant his motion to dismiss Swanson from the quo warranto action. An action in quo warranto may be brought by an individual as a private citizen only when he personally is claiming title to a public office. R.C. 2733.06; *State ex rel. Coyne v. Todia* (1989), 45 Ohio St.3d 232, 238, 543 N.E.2d 1271, 1277. Swanson never personally claimed title to the law director position. Nevertheless, the parties ignore the fact that the court of appeals *did* grant appellant's motion by dismissing Swanson from the quo warranto proceeding in an entry filed on December 18, 1992. Therefore, appellant's second proposition of law is meritless.

Accordingly, for the foregoing reasons, the judgment of the court of appeals issuing a writ of quo warranto to appellee Paluf is reversed and the cause is remanded to that court to determine the various issues which it found to be moot in light of its holding.

*Judgment reversed*
*and cause remanded.*

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.