DECISION AND JUDGMENT ENTRY
This case comes before the court as an accelerated appeal from a judgment of the Sandusky Municipal Court awarding appellees, Roxanne Grodi, Valerie Jones and Katherine R. Williams, vacation benefits owed them by their former employer, appellant, Premier Associates, Ltd.
Appellant failed to file a transcript of the proceedings below or, in lieu of a transcript, a valid statement of the evidence pursuant to App.R. 9(C). Therefore, the facts of this case are derived from the magistrate's report and exhibits in the record. Appellant hired Grodi, Jones and Williams in September 1995. Each appellee entered into an employment contract containing provisions governing, among other things, their duties, termination, fees and "noncompetition." The contract does not contain any provisions detailing employee benefits.
In January 1996, each appellee was provided with and acknowledged receipt of a policy and procedures manual that outlined, inter alia, employee benefits, such as health and life insurance and sick and vacation leave. Under the terms of the policy manual, an employee was allowed up to three weeks accumulated vacation pay when his or her employment terminated.
At some point subsequent to 1996, appellant terminated the employment of all three of the appellees. However, appellant refused to compensate each of the appellees for her accrued vacation. Grodi, Jones and Williams filed separate claims in the Sandusky Municipal Court, Small Claims Division, asking the court to award them their vacation pay. Both the employment contracts and the benefit policies are part of the record of this case.
After holding a hearing, the magistrate filed a decision in favor of appellees. Appellant filed objections to the magistrate's decision, asserting, for the first time, that Paragraph 10 of the employment contract required appellees to arbitrate their claims. The municipal court adopted the decision of the referee and subsequently consolidated the three cases for the purpose of appeal. Appellant appeals that judgment and sets forth the following assignments of error:
 "I. THE TRIAL COURT ERRED WHEN IT IMPROPERLY LOOKED OUTSIDE THE CONTRACTS AND FOUND THAT APPELLEES WERE ENTITLED TO VACATION BENEFITS IN DEROGATION TO THE CONTRACTS BETWEEN APPELLEES AND APPELLANT."
 "II. THE TRIAL COURT ERRED WHEN IT FAILED TO STAY THE PROCEEDINGS IN DEFERENCE TO THE ARBITRATION CLAUSES PRESENT IN EACH APPELLEE'S EMPLOYMENT CONTRACT."
Appellant's first assignment of error contends that the trial court erred when it went outside the four corners of the employment contract in order to determine that appellees were entitled to their vacation pay. Appellant's argument assumes that the employment contract covers the question of employee benefits. We conclude that the contract does not encompass employee benefits and is, therefore, not applicable in determining whether appellees are entitled to their vacation pay.
In construing contract language, our principal goal is to give effect to the intent of the parties. See Skivolocki v.East Ohio Gas Co. (1974), 38 Ohio St.2d 244, syllabus. The parties' intent is presumed to reside in the language they have employed in the written agreement. Kelly v. Medical Life Ins. Co.
(1987), 31 Ohio St.3d 130, paragraph one of syllabus. In interpreting this particular contract, we are guided by the interpretive maxim "expressio unius est exclusio alterius," a Latin expression that means the expression of one is the exclusion of another. Black's Law Dictionary (7 Ed. 1999) 602. Therefore, when certain things are specified in a contract, an intention to exclude all others from its operation may be inferred. See Stateex rel. Paluf v. Feneli (1994), 69 Ohio St.3d 138, 143. In the present case, the employment contract covers very specific topics,e.g., duties, automobile insurance, termination, nondisclosure, arbitration, noncompetition. Employee benefits are neither mentioned nor is the employee manual incorporated into the contract by reference. Consequently, we must conclude that employee benefits are excluded from the operation of the employment contract and its terms are inapplicable in determining the merits of appellees' claims.
We find that the written employee manual conferring vacation benefits on appellant's employees is dispositive of appellees' claims. We note that appellant neither claims that appellees are not entitled to their pay pursuant to company policy nor disputes the amount of vacation pay awarded. Accordingly, and in the absence of a transcript or statement of evidence of the hearing, we must presume the regularity of the proceeding below and the validity of the trial court's judgment. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Appellant's first assignment of error is found not well-taken.
In its second assignment of error, appellant asserts that the trial court erred in failing to stay this cause and order appellees' claims to arbitration pursuant to Paragraph 10 of the employment contract. Paragraph 10 limits arbitration to "[a] controversy or claim arising out of, or relating to this Agreement * * *." As stated previously, appellees' claims do not arise out of or relate to the employment contract. Furthermore, appellant waived any right to seek arbitration under the contract See,e.g., Rock v. Merrill Lynch, Pierce, Fenner Smith, Inc.
(1992), 79 Ohio App.3d 126, 128 (A potential defendant waives the right to arbitration pursuant to a contract provision when he or she is confronted with a lawsuit and fails to apply for a stay pursuant to R.C. 2711.02 coupled with a responsive pleading setting forth an arbitration clause as an affirmative defense). For these reasons, appellant's second assignment of error is found not well-taken.
On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Sandusky Municipal Court is affirmed. Appellant, Premier Associates, Ltd., is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ MELVIN L. RESNICK, J.
JAMES R. SHERCK, J., MARK L. PIETRYKOWSKI, J., CONCUR.