ORIGINAL ACTION JOURNAL ENTRY AND OPINION
On February 23, 2001, the relator, East Cleveland Fire Fighters Association, Local 500 IAFF (hereinafter the Union), commenced this quo warranto action against the respondent, Bobby Jenkins, to oust him from the office of East Cleveland Fire Chief. On May 8, 2001, the Union moved for summary judgment; on June 27, 2001, Mr. Jenkins filed his brief in opposition as well as his own motion for summary judgment. On July 31, 2001, the Union filed its brief in opposition to Mr. Jenkins' dispositive motion, and on September 6, 2001, Mr. Jenkins filed his reply brief. For the following reasons, this court denies the Union's motion for summary judgment, grants Mr. Jenkins' motion and denies the application for a writ of quo warranto.
In late Summer 1996, the City of East Cleveland's Fire Chief retired, and Deputy Fire Chief LaValle Dorsey was appointed Acting Fire Chief. The East Cleveland Civil Service Commission (hereinafter the Commission) began preparing the promotional examinations for Fire Chief and Deputy Fire Chief. Under Section 123.08(a) of the East Cleveland Administrative Code, [t]o be eligible to take a promotional examination, an applicant must have at least one year of service in the rank immediately below the rank for which he is an applicant. Only Deputy Chiefs Kirchner and Dorsey timely applied to take the Fire Chief test, which was scheduled for mid-June 1997. However, on June 2, 1997, the Commission postponed the test and on June 25, 1997, issued notice for the promotional examinations for the Deputy Chief and scheduled September 13, 1997 as the test date.
During this period, Mr. Dorsey was removed as Acting Fire Chief and Captain Bobby Jenkins was appointed to that position. After passing the appropriate test, Captain Jenkins was promoted to Deputy Fire Chief on November 11, 1997 while serving as Acting Fire Chief. At approximately the same time, he asked the Commission to waive the requirement that an individual must serve one year in the rank of Deputy Fire Chief before being eligible to take the examination for Fire Chief. The Commission granted the waiver and scheduled the Fire Chief examination for December 17 and 18, 1997. The Commission also allowed Mr. Jenkins to submit his application for the test after the original due date had passed.
Deputy Chiefs Kirchner and Dorsey notified Acting Fire Chief Jenkins of their intention to file a grievance against him, the Commission and the City of East Cleveland under the collective bargaining agreement. After Mr. Jenkins denied the grievance, the Deputy Chiefs withdrew their applications to take the Fire Chief examination.
On December 16, 1997, the Union commenced East Cleveland Fire Fighters Association, Local 500, IAFF, et al. v. Civil Service Commission of East Cleveland, et al., Cuyahoga County Common Pleas Court Case No. CV-345347, to enjoin the Fire Chief examination. However, the trial court denied the request for a temporary restraining order on December 22, 1997. Accordingly, Mr. Jenkins was the only person to take the Fire Chief examination. He passed the examination, and the Mayor appointed him to the full rank of Fire Chief on December 29, 1997, despite the fact that he had served less than two months in the rank of Deputy Fire Chief.
Subsequently, the Union amended its complaint in Case No. CV-345347 to allege claims for mandamus and declaratory judgment to declare Mr. Jenkins' promotion to Fire Chief unlawful, to remove him from that rank and to compel the Commission to administer a new Fire Chief test. The trial court granted summary judgment for the city defendants because the Union, and those in privity with it, had failed to exhaust their administrative remedies through the collective bargaining agreement.
The Union appealed, and this court reversed in part and affirmed in part. East Cleveland Fire Fighters, Local 500, v. Civil Service Commission of East Cleveland (Dec. 19, 2000), Cuyahoga App. No. 77367, unreported. This court ruled that the collective bargaining agreement did not cover promotions and that the Commission's rules and governing statutes do not allow a person to contest a wrongful promotion in the Fire Department. Thus, there were no administrative remedies to exhaust, and the trial court erred in granting summary judgment.
This court then examined the Union's claims. It ruled that the Commission could not waive the one-year eligibility requirement. Thus, Mr. Jenkins was not eligible to take the Fire Chief exam and he holds that position unlawfully. However, mandamus is not the proper writ to remove him from office. Only quo warranto is the proper means to oust an officer from his position. State ex rel. Stamps v. Automatic Data Processing Board of Montgomery County (1989), 41 Ohio St.3d 164,538 N.E.2d 102.[1] Thus, the trial court properly denied relief in mandamus.
The Union then commenced this quo warranto action to oust Bobby Jenkins from the office of East Cleveland Fire Chief. The Union argues that because this court has already ruled that Bobby Jenkins unlawfully holds the office, the writ of quo warranto should summarily follow. However, as maintained by respondent Jenkins, the Union, the only relator in this case, does not have standing to pursue an action in quo warranto.
R.C. 2733.06 provides: A person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs. The courts of Ohio have long held that this statute and its predecessors require that a private individual seeking quo warranto must personally claim title to the subject office. In State ex rel. Wasson v. Taylor (1893), 50 Ohio St. 120, 38 N.E. 24, the Supreme Court of Ohio ruled that a private individual, as compared to the attorney general or prosecuting attorney, may only bring a quo warranto action pursuant to the statutory provision that he have a claim to the office. We are unable to find, in the statute, any authority for the bringing of an action of quo warranto by or on the relation of a private individual except in the cases provided for in the section mentioned. Id.
The Ohio Supreme Court reaffirmed this principle in State ex rel. Heer v. Butterfield (1915), 92 Ohio St. 428, 111 N.E. 279. In that case, the former mayor of a city sought to reassume the executive duties against newly authorized city commissioners. The court ruled that the former mayor had no legal capacity to maintain this action. 92 Ohio St. at 431. In order that a private relator may be entitled to maintain an action in quo warranto, under Section 12307, General Code, (now R.C. 2733.06) to recover a public office, he must show not only that he is entitled to the office, but also that it is unlawfully held and exercised by the defendant in the action. Paragraph one of the syllabus. Similarly, taxpayers of Dayton and Troy were denied relief in quo warranto when they tried to contest the exercise of power by a conservancy district. The Supreme Court of Ohio affirmed the reasoning of the court of appeals in dismissing the quo warranto action because the relators had no right to bring the suit. Again the court stated: It is well settled that in this state a private person cannot maintain quo warranto except under the authority conferred by what is now Section 12307, General Code[,] which provides that the private person must have a claim to the subject office. State ex rel. Silvey v. The Miami Conservancy District Company (1919),100 Ohio St. 483, 128 N.E. 87.
In State ex rel. Halak v. Cebula (1977), 49 Ohio St.2d 291,361 N.E.2d 244, the Supreme Court of Ohio again upheld the dismissal of a quo warranto action because the relator lacked standing. In that case, the relator was the fourth highest vote getter in a field of five candidates for three council-at-large seats. The third highest vote getter should have been disqualified;however, the court noted that under Ohio law, when a candidate receiving the highest number of votes is ineligible for election, the candidate receiving the next highest number of votes for the same office is not elected. Thus, the court ruled that the relator did not have a good faith claim to the office and that he did not have standing to maintain a quo warranto action. More recently, in State ex rel. Paluf v. Feneli (1994), 69 Ohio St.3d 138, 630 N.E.2d 708, the court held: An action in quo warranto may be brought by an individual as a private citizen only when he is claiming title to a public office.69 Ohio St.3d at 145.
In the present case, the Union does not have standing to maintain this quo warranto action because it cannot make a good faith and reasonable claim to the office of Fire Chief. It is an organization and by its nature cannot hold the office, much less take the test and pass it. Its reliance on State ex rel. Hanley v. Roberts(1985), 17 Ohio St.3d 1,476 N.E.2d 1019, is misplaced. In that case, Mr. Hanley took the promotional test for Police Chief and had the second highest score. Under those facts, the Ohio Supreme Court ruled that in order to have standing to maintain a quo warranto action, the relator need not prove his own title beyond all doubt. He need only establish his claim `in good faith and upon reasonable grounds.' quoting State ex rel. Ethell v. Hendricks (1956), 165 Ohio St. 217, 135 N.E.2d 362, and Halak. Having the next highest grade on the test provided sufficient claim to the title to have standing in a quo warranto action. Although the Union represents all the fire fighters, none of whom may have had sufficient standing as Hanley because no one else took and passed the test, it is still an organization and cannot serve as Fire Chief. Thus, it is beyond doubt that it cannot lay title to the office, even if Mr. Jenkins holds the position unlawfully.
Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of quo warranto. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
PATRICIA A. BLACKMON, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.
[1] This court also ruled that the Union had not established a clear, legal right to have the Civil Service Commission conduct a new examination for Fire Chief.