[Cite as *Allen v. Vinsel*, 2011-Ohio-5192.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN DALE ALLEN | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Petitioner | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. CT11-0043 |
| JAY F. VINSEL | : | |
| | : | O P I N I O N |
| Respondent | : | |

CHARACTER OF PROCEEDING:          Writ of Quo Warranto

JUDGMENT:                                        Dismissed

DATE OF JUDGMENT ENTRY:          September 30, 2011

APPEARANCES:

For Petitioner                                     For Respondent

JOHN DALE ALLEN, Pro Se                D. MICHAEL HADDOX
28 N. 4th Street,                                Prosecuting Attorney
SB4
Zanesville, OH 43701                         By: WALTER K. CHESS, JR.
                                                        Assistant Prosecuting Attorney
                                                        Muskingum County, OH
                                                        27 N. 5th Street, Suite 201
                                                        P. O. Box 189
                                                        Zanesville, OH 43702-0189

*Farmer, J.*

{¶1} Petitioner, John Dale Allen, has filed a Petition for Writ of Quo Warranto against Respondent Judge Jay F. Vinsel requesting a writ be granted ousting Respondent from his position as a judge in the Muskingum County Court of Common Pleas. Petitioner claims Respondent's oath of office has expired.

{¶2} For a writ of quo warranto to issue, "a relator must establish (1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office." *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138, 141, 630 N.E.2d 708.

{¶3} The Ohio Supreme Court has held, "'[A]n action in quo warranto may be brought by an individual as a private citizen only when he personally is claiming title to a public office.' " *State ex rel. Coyne v. Todia* (1989), 45 Ohio St.3d 232, 238, 543 N.E.2d 1271, quoting *State ex rel. Annable v. Stokes* (1970), 24 Ohio St.2d 32, 32-33, 53 O.O.2d 18, 262 N.E.2d 863.

{¶4} "*Sua sponte* dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Bruggeman v. Ingraham* (1999), 87 Ohio St.3d 230, 231, 718 N.E.2d 1285, 1287." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663, 667.

{¶5} Petitioner does not aver in his Petition that he is entitled to the office held by Respondent, therefore, he, as a private citizen, cannot bring an action in quo warranto. For this reason, we find the Petition lacks merit on its face and dismiss the

Petition for failure to state a claim upon which relief may be granted.


By Farmer, J.

Hoffman, P. J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES


SGF/as 926

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JOHN DALE ALLEN                    :
                                   :
    Petitioner                 :         Judgment Entry
                                   :
vs.                                :
                                   :
JAY F. VINSEL                      :         Case No. CT11-0043
                                   :
    Respondent                 :


For the foregoing reasons, we dismiss the Petition for failure to state a claim upon which relief may be granted.

Costs to petitioner.


    _s/ Sheila G. Farmer_____

    _s/ William B. Hoffman_____

    _s/ John W. Wise_____

             JUDGES