[Cite as *State ex rel. Pryor v. Werren*, 2017-Ohio-7668.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO, ex rel.<br>NC LaFONSE PRYOR | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J. |
| Relator | Hon. Earle E. Wise, J. |
| -vs- | |
| JUDGE CURT WERREN, CANTON<br>MUNICIPAL COURT, et al. | Case No. 2017 CA 00029 |
| Respondents | O P I N I O N |

CHARACTER OF PROCEEDING:          Writ of Quo Warranto

JUDGMENT:                                          Dismissed

DATE OF JUDGMENT ENTRY:          September 18, 2017

APPEARANCES:

For Relator                                      For Respondents

NC LaFONSE PRYOR                        JOHN D. FERRERO
PRO SE                                            PROSECUTING ATTORNEY
STARK COUNTY JAIL                        RONALD MARK CALDWELL
4500 Atlantic Boulevard, NE            ASSISTANT PROSECUTOR
Canton, Ohio  44705                        110 Central Plaza South, Suite 510
                                                        Canton, Ohio  44702

*Wise, John, J.*

**{¶1}** Petitioner, NC LaFonse Pryor, has filed a Petition for Writ of Quo Warranto against Respondents Judges Curt Werren and Taryn L. Heath. Respondents have filed a motion to dismiss for failure to state a claim upon which relief may be granted.

**{¶2}** Petitioner generally argues Respondents lack jurisdiction over his case due to an excessive bond and violation of various constitutional rights.

**{¶3}** For a writ of quo warranto to issue, "a relator must establish (1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office." *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138, 141, 630 N.E.2d 708.

**{¶4}** The Ohio Supreme Court has held, "'[A]n action in quo warranto may be brought by an individual as a private citizen only when he personally is claiming title to a public office.' " *State ex rel. Coyne v. Todia* (1989), 45 Ohio St.3d 232, 238, 543 N.E.2d 1271, quoting *State ex rel. Annable v. Stokes* (1970), 24 Ohio St.2d 32, 32-33, 53 O.O.2d 18, 262 N.E.2d 863.

**{¶5}** "[D]ismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Bruggeman v. Ingraham* (1999), 87 Ohio St.3d 230, 231, 718 N.E.2d 1285, 1287." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663, 667.

{¶6}    Petitioner does not aver in his Petition that he is entitled to the offices held by Respondents.  For this reason, we find the petition lacks merit and dismiss the petition for failure to state a claim upon which relief may be granted.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, Jr., J., concur.

JWW/d 0830