THE STATE, EX REL. PUROLA, SPECIAL PROS. ATTY., APPELLEE,
v. CABLE, TRUSTEE, RUSSELL TWP., ET AL., APPELLANTS.

(No. 76-527—Decided December 22, 1976.)

240

*Mr. Jerry Petersen*, prosecuting attorney, and *Mr. Forrest W. Burt*, for appellee.

*Messrs. Gustin, Shillman & Weiss* and *Mr. David B. Shillman*, for appellants.

O'NEILL, C. J. The judgment of the Court of Appeals is reversed and Peter C. Prior is reinstated in the office of Township Trustee of Russell Township.

The controlling facts in this case are that prior to June 27, 1975, the Russell Township Board of Trustees consisted of three duly-elected trustees, Donald A. Breckinridge, Robert D. Cable and William V. Trowbridge. Cable was serving a term which was to expire December 31, 1975. Breckinridge and Trowbridge were serving terms which were to expire December 31, 1977.

On June 27, 1975, Trowbridge resigned from the board. The two remaining members, Breckenridge and Cable, acted to fill the vacancy by voting to appoint Cable to fill Trowbridge's unexpired term. Breckinridge and Cable then proceeded to take action to appoint Betty A. Roman to fill Cable's unexpired term.

On December 11, 1975, Cable resigned from the board. Breckinridge and Roman then acted to appoint Peter C. Prior to fill the vacancy created by Cable's resignation.

The question of whether Cable could vote to appoint himself to the board of trustees to fill the unexpired term of Trowbridge is moot because Cable resigned prior to the hearing on the merits of the *quo warranto* action filed against him.

The controlling question in this case is whether the action of a member of a township board of trustees, who is at least a *de facto* member, by combining her vote with the vote of a duly-elected *de jure* member of the board to appoint a qualified person to the board in order to fill a vacancy created by the resignation of a member of the board makes such appointee a *de jure* member of such board.

This court holds that such appointee (Prior) is a *de jure* member of the board.

R. C. 503.24 provides, in pertinent part:

" * * * if there is a vacancy from any other cause, the board of township trustees shall appoint a person having the qualifications of an elector to fill such vacancy for the unexpired term."

Breckinridge and Roman, acting pursuant to that language, appointed Prior. Breckinridge was a duly-elected *de jure* member of the board.

Under settled Ohio case law, Roman was at least a *de facto* member of the board of trustees. *State, ex rel. Witten, v. Ferguson* (1947), 148 Ohio St. 702, 709, 76 N. E. 2d 886; *State, ex rel. Westcott, v. Ring* (1933), 126 Ohio St. 203, 184 N. E. 757; *State, ex rel. Paul, v. Russell* (1954), 162 Ohio St. 254, 122 N. E. 2d 780.

Roman entered into and publicly discharged the duties of township trustee under color of a formal appointment by the board of trustees. Under Ohio law, one who assumes public office, even if he is later held to be ineligible to hold office, or if his appointment is later held invalid, is a *de facto* officer. Roman was at least a *de facto* trustee, and while she exercised the functions of the office, all of her acts performed in such capacity were valid insofar as they affected the rights of the public and third parties. Her vote, together with that of Breckinridge, ad-

mittedly a *de jure* trustee, was legally sufficient to appoint Prior a *de jure* member of the board on December 11, 1975. Prior, therefore, has been at all times since December 11, 1975, a *de jure* member of the Russell Township Board of Trustees.

The persuasive rationale for this holding is that it is illogical to limit the power of an officer *de facto*, which, it is universally conceded, extends to binding his municipal corporation by the issuance of bonds and the making of other contracts within the scope of the authority of the office which he holds *de facto*, by an exception excluding his power to appoint to office, if he would possess such power as an officer *de jure*. It is in the interest of the public that offices should be filled, and by incumbents not liable to be displaced by proceedings against other persons to which they are not parties. It is in the interest of the person who accepts such an appointment, apparently conferring upon him the powers and emoluments of office, that he acquires thereby what is apparently conferred, and what his acceptance of the office indicates he assumes from the apparent authority which was properly conferred upon him.

In *People, ex rel. Norfleet,* v. *Staton* (1875), 73 N. C. 546, 550, 21 Am. Rep. 479, the court stated:

"The only difference between an officer *de facto* and an officer *de jure* is, that the former may be ousted in a direct proceeding against him, while the latter cannot be. So far as the public and third persons are concerned, there is no difference whatever. The acts of one have precisely the same force and effect as the acts of the other." *Contra, Nieda* v. *Bennett* (1936), 117 N. J. L. 231, 187 A. 629.

The rationale for holding Prior to be a *de jure* trustee seems well established in the Ohio law. In *State, ex rel. Paul,* v. *Russell* (1954), 162 Ohio St. 254, 257, 122 N. E. 2d 780, Chief Justice Weygandt said:

"It has been said that the doctrine of *de facto* officers rests on the principle of protection to the interests of the public and third parties, not to protect or vindicate

the acts or rights of the particular *de facto* officer or the claims or rights of rival claimants to the particular office. The law validates the acts of *de facto* officers as to the public and third persons on the ground that, although not officers *de jure,* they are, in virtue of the particular circumstances, officers in fact whose acts public policy requires should be considered valid."

The judgment of the Court of Appeals is, therefore, reversed and Peter C. Prior is reinstated in the office of township trustee, Russell Township, Geauga County, Ohio.

*Judgment reversed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, STEPHENSON and P. BROWN, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.