344

THE STATE, EX REL. FREEMAN, APPELLANT, *v.*
HAYES, CLERK, APPELLEE.
THE STATE, EX REL. FREEMAN, APPELLANT, *v.*
MARSHALL, SUPT., APPELLEE.

[Cite as State, ex rel. Freeman, v. Hayes (1982),
69 Ohio St. 2d 344.]

(No. 81-806—Decided February 24, 1982.)

*Mr. Jerome B. Freeman, pro se.*

*Mr. William J. Brown,* attorney general, and *Ms. Lianne L. Santellani,* for appellee Marshall.

*Per Curiam.* This court has consistently held that "[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12[B][6] ), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242. Also, in considering such motion, the court must assume the truth of the allegations contained in the complaint. See *Royce* v. *Smith* (1981), 68 Ohio St. 2d 106.

Applying these principles to the complaint for a writ of mandamus, we find no error on the part of the court in dismissing such complaint. "Mandamus lies only to command performance of an action which the law specifically enjoins as a duty resulting from an office, trust or station." *State, ex rel. Van Curen,* v. *Adult Parole Authority* (1976), 45 Ohio St. 2d 298, 299.

We, likewise, find no error in the dismissal of appellant's complaint in *quo warranto.* Assuming, *arguendo,* that appellee is a "public officer" within the meaning of R. C. 2733.01, and, that the office of superintendent is a "public office" within the meaning of R. C. 2733.06, appellant has shown no claim of entitlement to such office. Absent such a claim, appellant cannot, as a private person, maintain an action in *quo warranto.* See *State, ex rel. Silvey,* v. *Miami Conservancy District Co.* (1919), 100 Ohio St. 483; *State, ex rel. Appleman,* v. *Conley* (1931), 124 Ohio St. 265; *Maranze* v. *Bd. of Elections* (1958), 167 Ohio St. 323; *State, ex rel. Macdonald,* v. *Shawnee Country Club* (1965), 2 Ohio St. 2d 176; *State, ex rel. Annable,* v. *Stokes* (1970), 24 Ohio St. 2d 32; and *State, ex rel. Halak,* v. *Cebula* (1977), 49 Ohio St. 2d 291.

For the foregoing reasons, the judgments of the Court of Appeals are hereby affirmed.

*Judgments affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.