[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 392.]

THE STATE EX REL. HURON COUNTY PROSECUTOR, APPELLANT, *v.*

WESTERHOLD, APPELLEE.

[Cite as *State ex rel. Huron Cty. Prosecutor v. Westerhold*, 1995-Ohio-86.]

*Writ of quo warranto ordering removal of individual from the Huron County Veterans Service Commission granted, when.*

(No. 94-2006—Submitted April 18, 1995—Decided June 28, 1995.)

APPEAL from the Court of Appeals for Huron County, No. H-94-4.

_____

{¶ 1} The Huron County Veterans Service Commission is composed of five persons who are appointed to five-year terms by the Judge of the Huron County Court of Common Pleas, who is responsible for making appointments to the commission. R.C. 5901.02. The term of Leon J. Lodermeier, the American Legion representative on the veterans service commission, was scheduled to expire in January 1994. By letters dated September 10, 1993, and pursuant to R.C. 5901.02, Huron County Common Pleas Court Judge Phillip M. White, Jr. notified the American Legion posts located in Huron County about the imminent expiration of Lodermeier's term on the veterans service commission and requested that each post recommend up to three persons for the next appointment to the commission. Judge White's notification letters further stated that the appointee was required to be a member of the American Legion and that each post had sixty days to make its recommendation(s).

{¶ 2} By letter dated October 28, 1993, Gerald L. Fife, Commander of American Legion Post No. 706 in Huron County, advised Judge White that "[a]fter polling the members of my post[,] we recommend that Leon J. Lodermeier be retained on the Soldiers Relief Commission." According to Fife, the post's recommendation of Lodermeier was accomplished at an informal post meeting.

**{¶ 3}** In January 1994, appellee, James R. Westerhold, contacted Alfred E. Statzer, Adjutant of Post No. 706, requesting Statzer to recommend Westerhold for the opening on the veterans service commission. After Statzer advised Westerhold that Statzer lacked authority to make a recommendation absent a vote at a regular post meeting, post member Alan Nielsen contacted Statzer. Nielsen discussed recommending Westerhold to the veterans service commission and drafted a letter to that effect for Statzer's signature.

**{¶ 4}** Statzer learned that Fife had recommended Lodermeier without either a post vote or formal executive committee action. Statzer then recommended Westerhold for the veterans service commission appointment without any authorization from either the post or the executive committee. Statzer's letter of recommendation, dated January 9, 1994, states that "[w]e wish to nominate James R. Westerhold *** for a position on the Veter[a]ns Service Commission to be appointed by Judge Phillip White." The letter was typed on post stationery and was signed by Statzer in his capacity as post adjutant.

**{¶ 5}** On January 14, 1994, Judge White appointed Westerhold to the veterans service commission for a five-year term commencing January 15, 1994. By letter dated February 8, 1994, Fife, on behalf of Post No. 706, requested that Westerhold be removed from the veterans service commission because, among other reasons, Westerhold's recommendation was not voted on by the post membership and was not signed by a post executive officer. The post and its executive committee never discussed, voted on, or recommended Westerhold for the appointment. In his deposition, Statzer conceded that his recommendation of Westerhold was improper, and he further testified that Fife admitted at a regular meeting that his recommendation of Lodermeier had also been improper.

**{¶ 6}** On February 23, 1994, Judge White ordered appellant, the Huron County Prosecuting Attorney, to file "an action to determine the legality of [Post No. 706's] recommendation of Mr. James Westerhold to the [Huron County]

2

Veterans Service Commission." On February 28, 1994, appellant filed an action in the Huron County Court of Appeals seeking a writ of quo warranto ordering that Westerhold be removed from the Huron County Veterans Service Commission. Following the presentation of evidence and briefs, the court of appeals denied the writ.

**{¶ 7}** The cause is now before this court upon an appeal as right.

_____

*Russell V. Leffler*, Huron County Prosecuting Attorney, for appellant.

*Miller & Fegen Co., L.P.A*., and *Michael R. Fegen*, for appellee.

_____

***Per Curiam.***

**{¶ 8}** As a preliminary matter, we note that Westerhold has filed a motion to dismiss this appeal and a motion to strike appellant's brief. Westerhold claims that under the Supreme Court Rules of Practice, appellant's brief was not timely filed. Westerhold cites former S.Ct.Prac.R. V(1), which required appellants in all civil cases to file briefs "within ten days of the date the copies of the record [were] filed with the Court." However, this appeal is governed by the new Supreme Court Rules of Practice, which became effective June 1, 1994. See Preface to S.Ct.Prac.R. Under S.Ct.Prac.R. VI(1)(A), an appellant "shall file a merit brief with the Supreme Court within 40 days from the date the Clerk of the Supreme Court receives and files the record from the court of appeals ***." Since the record was filed in this court on October 3, 1994, and appellant's merit brief was filed on Monday, November 14, 1994, he complied with S.Ct.Prac.R. VI(1)(A), since the last day of the forty-day period fell on Saturday, November 12. See S.Ct.Prac.R. XIV(3)(A). Westerhold's motions are thus meritless and are overruled.

**{¶ 9}** In considering the merits, appellant asserts in his sole proposition of law that a writ of quo warranto should issue where a facially valid recommendation

made under R.C. 5901.02 is shown to be the product of fraud and unauthorized by the constitution and by-laws of the post making the recommendation.

{¶ 10} R.C. 2733.01(A)(1) provides that a quo warranto action may be brought in the name of the state "[a]gainst a person who usurps, intrudes into, or unlawfully holds or exercises a public office *** within this state ***."  R.C. 2733.04 and 2733.05 authorize prosecuting attorneys to initiate quo warranto actions.  See *State ex rel. Ethell v. Hendricks* (1956), 165 Ohio St. 217, 224, 59 O.O. 298, 302, 135 N.E.2d 362, 366-367; see, also, *State ex rel. Halak v. Cebula* (1977), 49 Ohio St.2d 291, 292, 3 O.O.3d 439, 440, 361 N.E.2d 244, 246.  "The writ *** is a high prerogative writ and is granted, as an extraordinary remedy, where the legal right to hold an office is successfully challenged."  *State ex rel. Battin v. Bush* (1988), 40 Ohio St.3d 236, 238, 533 N.E.2d 301, 304. Under R.C. 2733.14, when a respondent "in an action in quo warranto is found guilty of usurping, intruding into, or unlawfully holding or exercising an office, *** judgment shall be rendered that he be ousted and excluded therefrom, and that the relator recover his costs."  See *State ex rel.Watkins v. Fiorenzo* (1994), 71 Ohio St.3d 259, 643 N.E.2d 521.  See, also, *Strah v. Lake Cty. Humane Soc*. (1993), 90 Ohio App.3d 822, 828, 631 N.E.2d 165, 168.

{¶ 11} Prior to 1986, common pleas courts were authorized under R.C. 5901.02 to appoint members of county soldiers' relief commissions, now referred to as veterans service commissions, without regard to the preferences of local veterans' organizations.  See 139 Ohio Laws, Part I, 409.  However, effective August 29, 1986, the General Assembly amended R.C. 5901.02 "to require that [commission] members who are required to be members of veterans' organizations be appointed from the organizations' recommendations."  Preface to H.B. No. 397. See 141 Ohio Laws, Part II, 3527.  The version of R.C. 5901.02 in effect at the time Judge White appointed Westerhold to the veterans service commission provided:

4

"In each county there shall be a commission known as 'the veterans service commission' composed of five persons. Such persons shall be residents of the county and shall be appointed by a judge of the court of common pleas. Each member of the commission shall serve for five years.

"Each person on the commission shall be an honorably discharged or honorably separated veteran. *** One person shall be a member of the American Legion ***.

"On or before the fifteenth day of October of each year, *the judge* of the court of common pleas who is responsible for making appointments to the commission *shall notify each post *** of each organization within the county from which the member may or must be appointed that it may submit as many as three recommendations of persons who are members of a post *** for appointment. *** The judge may also consider reappointing the commission member whose term is expiring, unless that member is not qualified for the particular appointment. If the judge does not receive any recommendations within sixty days after providing such notification he may reappoint the member whose term is expiring, if he is qualified for the particular appointment, or appoint any other person who is qualified for the particular appointment and is a member of the organization from which the member may or must be appointed. *If the judge does receive recommendations by that date, he may reject the recommendations and request additional recommendations.* When a vacancy exists, the judge shall make the appointment on or before the fifteenth of January of each year." (Emphasis added.) See 142 Ohio Laws, Part III, 4685, 4686-4687.[1]

"In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *** In determining legislative intent, the court first looks

---

1. By Am.Sub.H.B. No. 448, R.C. 5901.02 was amended effective July 22, 1994. Under this amended version, *inter alia*, the language allowing the common pleas court judge to reject recommendations and request additional recommendations has been deleted.

to the language in the statute and the purpose to be accomplished." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319, 1323. "Words used in a statute must be taken in their usual, normal or customary meaning." *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 66, 637 N.E.2d 1, 2, citing R.C. 1.42.

{¶ 12} As noted by the court of appeals, R.C. 5901.02's use of the word "it" in the phrase "it may submit as many as three recommendations of persons who are members of a post" refers to the organization post as a whole rather than any individual post member. While R.C. 5901.02 is silent on the method by which the organization may reach its recommendation, the by-laws of American Legion Post No. 706 provide that the government and management of the post "[are] entrusted to an Executive Committee of 13 members" and that the Adjutant's duties are limited as follows:

"The Adjutant shall have charge of and keep a full and correct record of all proceedings of all meetings, keep such records as the department and national organizations may require, render reports of membership annually or when called upon at a meeting, and under direction of the commander handle all correspondence of the Post."

{¶ 13} The Adjutant thus lacks authority to make the recommendation under R.C. 5901.02. Statzer admitted that his recommendation of Westerhold was improper.

{¶ 14} Nevertheless, the court of appeals denied the writ because "when an appointing judge receives an apparently valid recommendation, he may act on that recommendation without inquiring as to the internal process used by the recommending organization." Under the court of appeals' rationale, a person could secure an appointment based upon an unauthorized recommendation; and, as long as it appeared to be facially valid to the appointing judge, the appointment could never be attacked, even where a relator subsequently established in a quo warranto

action that the appointee usurped and unlawfully holds the veterans service commission office. This result would sanction fraud upon the court.

{¶ 15} Both the court of appeals and Westerhold rely upon the appellate court opinion in *State ex rel. Williams v. Zalesky* (Dec. 8, 1982), Lorain App. No. 3364, unreported, affirmed sub nom. *State ex rel. Williams v. Zaleski* (1984), 12 Ohio St.3d 109, 12 OBR 153, 465 N.E.2d 861, for the proposition that an appointment by a judge authorized by statute is presumptively valid. In *State ex rel. Williams*, the court of appeals noted in dicta that even if the appointments at issue therein had been made in a technically defective manner, the appointees were de facto officers entitled to compensation for services rendered. "A *de facto* officer is one who enters upon and performs the duties of his office with the acquiescence of the people and the public authorities and has the reputation of being the officer he assumes to be and is dealt with as such." *State v. Staten* (1971), 25 Ohio St.2d 107, 54 O.O.2d 235. 267 N.E.2d 122, paragraph three of the syllabus.

{¶ 16} While a de facto officer is treated as a de jure officer, the de facto officer's actions are valid only until a proper challenge in a quo warranto proceeding removes him from office. *State v. Staten*, 25 Ohio St.2d at 110, 54 O.O.2d at 237, 267 N.E.2d at 125; see, also, *State ex rel. Purola v. Cable* (1976), 48 Ohio St.2d 239, 242, 2 O.O.3d 410, 411-412, 358 N.E.2d 537, 539, citing *People ex rel. Norfleet v. Staton* (1875), 73 N.C. 546, 550 ("'The only difference between an officer de facto and an officer de jure is, that the former may be ousted in a direct proceeding against him, while the latter cannot be.'"). The court of appeals in *State ex rel. Williams* also acknowledged the propriety of quo warranto to challenge the validity of the appointment of an officer, despite the presumed validity of a judicial appointment under a statute. Here, Westerhold is at best a de facto officer whose appointment was properly challenged in quo warranto, regardless of any presumed validity of his appointment.

**{¶ 17}** "It is the responsibility of courts to enforce the literal language of a statute ***." *Cablevision of the Midwest, Inc. v. Gross* (1994), 70 Ohio St.3d 541, 544, 639 N.E.2d 1154, 1156. The applicable version of R.C. 5901.02 allowed Post No. 706 to make recommendations. It did not authorize individual post members who lacked authority to act on behalf of the post to recommend a person to serve as a member of the veterans service commission. Here, it is evident that Post No. 706 never recommended Westerhold and that Statzer's recommendation of Westerhold was invalid. Therefore, Westerhold's appointment by the court based upon the fraudulent recommendation submitted by Statzer was subject to a writ of quo warranto, since relator established that Westerhold is unlawfully holding and exercising the office of veterans service commission member. R.C. 2733.14. The court of appeals erred in failing to grant a writ of quo warranto ousting Westerhold.

**{¶ 18}** Accordingly, the judgment of the court of appeals is reversed, and appellant is granted a writ of quo warranto ousting Westerhold as a member of the Huron County Veterans Service Commission.

*Motions to dismiss*
*and strike overruled.*
*Judgment reversed and*
*writ granted.*

MOYER, C.J., WRIGHT, F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

PFEIFER, J., dissents.

RESNICK, J., not participating.

———————————