[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 68.]

THE STATE EX REL. EAST CLEVELAND FIRE FIGHTERS' ASSOCIATION, LOCAL
500, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, APPELLANT, *v.*
JENKINS, FIRE CHIEF, APPELLEE.

[Cite as *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, IAFF v.
Jenkins*, 2002-Ohio-3527.]

*Writ of quo warranto ordering ouster of individual from office of East Cleveland
Fire Chief denied, when—Fire fighters' association lacked standing to
bring action—Claim time-barred by three-year period of R.C. 2733.35.*

(No. 2001-2091—Submitted May 7, 2002—Decided July 24, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 79253.

_____

**Per Curiam.**

{¶1} In 1996, East Cleveland Fire Chief Paul B. Blockson III retired, and
Deputy Fire Chief LaValle Dorsey was appointed acting fire chief. In April 1997,
the East Cleveland Civil Service Commission scheduled a promotional
examination for the office of fire chief for June 1997 and ordered an application
deadline of April 25, 1997. Acting Fire Chief Dorsey and Deputy Fire Chief Jerry
C. Kirchner submitted timely applications. The commission later postponed the
promotional examination.

{¶2} Dorsey was thereafter removed as acting fire chief, and appellee,
Bobby Jenkins, then a captain in the fire department, was appointed acting fire
chief. In November 1997, Jenkins was officially promoted from the position of
captain to deputy chief, and the commission apparently granted Jenkins's request
that it waive the requirement that an individual serve one year in the rank of deputy
chief before being eligible to take the examination for fire chief. The commission
then scheduled the fire chief promotional examination for December 17 and 18,

1997. In November 1997, Jenkins applied to take the test. In December 1997, after Jenkins indicated to Dorsey and Kirchner that any grievance filed regarding the promotional test would be denied, Dorsey and Kirchner withdrew their applications to take the test. The president of appellant, East Cleveland Fire Fighters' Association, Local 500, International Association of Fire Fighters, then requested that the commission open the promotional examination to the next lower rank to get the statutorily required number of candidates to take the test. R.C. 124.45.

{¶3} On December 16, 1997, the association and one of its members who held the position of captain in the fire department filed a complaint in the Court of Common Pleas of Cuyahoga County against the commission and the then-mayor and moved for injunctive relief to delay the scheduled fire chief promotional examination until the examination was opened to those holding the rank of captain. On December 17 and 18, 1997, the commission conducted the examination, and Jenkins was the only person to take it. On December 29, 1997, the commission certified Jenkins for the office of fire chief, and the mayor promoted him to that rank.

{¶4} On October 6, 1998, the association, without any additional plaintiffs, filed an amended complaint in the common pleas court against the commission and the mayor requesting the court to declare the rights of the parties and to issue a writ of mandamus compelling the commission to remove Jenkins from office and to administer a new fire chief examination.

{¶5} In November 1999, the common pleas court entered judgment in favor of the commission and the mayor and denied the requested relief. On appeal, the Court of Appeals for Cuyahoga County reversed the common pleas court's judgment regarding the association's request for declaratory relief. *E. Cleveland Firefighters, Local 500 v. E. Cleveland Civ. Serv. Comm.* (Dec. 19, 2000), Cuyahoga App. No. 77367, 2000 WL 1876394. The court of appeals held that Jenkins was not eligible for examination, certification, and subsequent promotion

2

to the office of fire chief. Nevertheless, the court of appeals affirmed the judgment of the common pleas court denying the writ of mandamus to oust Jenkins from the office of fire chief because quo warranto, which the union did not plead in its common pleas court action, was the proper means to challenge Jenkins's right to hold the office.

{¶6} On February 23, 2001, the association filed a complaint in the Court of Appeals for Cuyahoga County for a writ of quo warranto ordering the ouster of Jenkins from the office of fire chief and an order requiring that Jenkins repay an amount equal to the difference between the salary he received as fire chief and the salary of his previous rank as deputy chief. The association claimed entitlement to the requested relief based on the court of appeals' conclusion in the previous appeal that Jenkins was not eligible for certification and promotion to the office of fire chief. Jenkins filed an answer in which he raised several affirmative defenses, including that the association lacked standing to bring the action and that the action was barred by the statute of limitations.

{¶7} The parties subsequently filed motions for summary judgment. In October 2001, the court of appeals entered summary judgment in favor of Jenkins and denied the writ. The court of appeals held that the association lacked standing to bring the quo warranto action.

{¶8} In the association's appeal as of right, it asserts that the court of appeals erred in denying the writ based upon a lack of standing. The association's assertion, however, is meritless.

{¶9} R.C. 2733.01(A) provides that a quo warranto action may be brought in the name of the state "[a]gainst a person who usurps, intrudes into, or unlawfully holds or exercises a public office * * * within this state * * *." R.C. 2733.04 and 2733.05 authorize the Attorney General or a prosecuting attorney to initiate quo warranto actions. See, e.g., *State ex rel. Huron Cty. Prosecutor v. Westerhold* (1995), 72 Ohio St.3d 392, 394, 650 N.E.2d 463. R.C. 2733.06 authorizes

"person[s] claiming to be entitled to a public office unlawfully held and exercised by another" to bring quo warranto actions.

{¶10} Consequently, as we have consistently held, for persons other than the Attorney General or a prosecuting attorney, " 'an action in quo warranto may be brought by an individual as a private citizen only when he personally is claiming title to a public office.' " *State ex rel. Coyne v. Todia* (1989), 45 Ohio St.3d 232, 238, 543 N.E.2d 1271, quoting *State ex rel. Annable v. Stokes* (1970), 24 Ohio St.2d 32, 32-33, 53 O.O.2d 18, 262 N.E.2d 863; see, also, *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138, 145, 630 N.E.2d 708; *Reisig v. Camarato* (1996), 111 Ohio App.3d 479, 483, 676 N.E.2d 594. Because the association did not claim title to the office of fire chief and, in fact, could not hold that office, the association lacked standing to bring the quo warranto action. See *Coyne*, 45 Ohio St.3d at 237-238, 543 N.E.2d 1271; *Paluf*, 69 Ohio St.3d at 145, 630 N.E.2d 708; *State ex rel. Freeman v. Hayes* (1982), 69 Ohio St.2d 344, 345, 23 O.O.3d 314, 432 N.E.2d 199.

{¶11} The association claims that it has standing in quo warranto based upon *Sierra Club v. Morton* (1972), 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636. It relies upon the statement in *Sierra Club* that "[w]here the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends upon whether the party has alleged such a 'personal stake in the outcome of the controversy,' * * * as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.' " Id. at 732, 92 S.Ct. 1361, 31 L.Ed.2d 636, quoting *Baker v. Carr* (1962), 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663, and *Flast v. Cohen* (1968), 392 U.S. 83, 101, 88 S.Ct. 1942, 20 L.Ed.2d 947. But, as Jenkins aptly notes, the United States Supreme Court in *Sierra Club*, 405 U.S. at 732, 92 S.Ct. 1361, 31 L.Ed.2d 636, further observed that "[w]here, however, Congress has authorized public officials to perform certain functions according to law, and has provided by statute for judicial review of those actions under certain

circumstances, the inquiry as to standing must begin with a determination of whether the statute in question authorizes review at the behest of the plaintiff." The General Assembly enacted the pertinent statutes here, see, e.g., R.C. 2733.04, 2733.05, and 2733.06, which do not permit the association to institute a quo warranto action.

{¶12} The association next claims that it has standing based upon a public policy exception to the statutory standing requirement. The association, however, waived this claim by failing to raise it in the court of appeals. *State ex rel. Spencer v. E. Liverpool Planning Comm.* (1999), 85 Ohio St.3d 678, 680, 710 N.E.2d 1129; *State ex rel. Porter v. Cleveland Dept. of Pub. Safety* (1998), 84 Ohio St.3d 258, 259, 703 N.E.2d 308. In addition, " '[j]udicial policy preferences may not be used to override valid legislative enactments, for the General Assembly should be the final arbiter of public policy.' " *In re Wieland* (2000), 89 Ohio St.3d 535, 538, 733 N.E.2d 1127, quoting *State v. Smorgala* (1990), 50 Ohio St.3d 222, 223, 553 N.E.2d 672.

{¶13} Finally, even assuming that the association had standing to raise its quo warranto claim, its action was barred because it was not brought within the applicable statute of limitations. "No action in quo warranto shall be brought against an officer to oust him from his office, unless it is brought within three years after the cause of such ouster, or the right to hold the office, arose." R.C. 2733.35; see, also, *State ex rel. Wilmot v. Buckley* (1899), 60 Ohio St. 273, 54 N.E. 272. In general, a cause of action accrues at the time the wrongful act is committed. *Harris v. Liston* (1999), 86 Ohio St.3d 203, 205, 714 N.E.2d 377. The alleged wrongful act challenged here occurred, at the latest, when Jenkins was certified and promoted to the office of fire chief on December 29, 1997. There is no evidence here that the association discovered the basis for its claim after that date. Because the association did not institute its quo warranto action within three years after the cause of action accrued, its quo warranto claim was barred by R.C. 2733.35.

**{¶14}** Based on the foregoing, the court of appeals correctly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————

Joseph W. Diemert Jr. & Associates Co., L.P.A., Joseph W. Diemert Jr. and Thomas H. Hanculak, for appellant.

Abdoul Rahim Abdoulkarim, East Cleveland Director of Law, and Ronda Curtis, Assistant Director of Law; Forbes, Fields & Associates Co., L.P.A., Helen Forbes Fields, Scott H. Schooler and Tahseen F. Ali, for appellee.

————————