**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jennewine v. Puffenberger*, Slip Opinion No. 2025-Ohio-3041.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-3041

THE STATE EX REL. JENNEWINE *v.* PUFFENBERGER, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jennewine v. Puffenberger*, Slip Opinion No. 2025-Ohio-3041.]**

*Mandamus—Quo warranto—R.C. 503.24—Writ of mandamus will not issue to remove township-trustee board member from position to which she was appointed by committee of five under R.C. 503.24, because quo warranto is the exclusive remedy by which to have her removed and presiding probate-court judge cannot be compelled by issuance of a writ of mandamus to appoint someone to the position under the same statute since the position is presently occupied—Writ denied.*

(No. 2024-1238—Submitted May 13, 2025—Decided August 28, 2025.)

IN MANDAMUS, PROCEDENDO, AND QUO WARRANTO.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Relator, John Jennewine, an elected Sylvania Township trustee, seeks a writ of mandamus against respondent, Judge Jack Puffenberger of the Lucas County Probate Court. Jennewine asserts that R.C. 503.24 was not followed when Jill Johnson was appointed as a Sylvania Township trustee, and he seeks a writ of mandamus compelling Judge Puffenberger to appoint someone to the position currently held by Johnson. For the following reasons, we deny the writ.

## I. FACTS AND PROCEDURAL HISTORY

### A. Facts

{¶ 2} Jennewine is a duly elected Sylvania Township trustee. Sylvania Township is in Lucas County, and Judge Puffenberger is the presiding probate-court judge in that county. A Sylvania Township–trustee position became vacant when a trustee resigned on July 1, 2024, and the parties agree that under R.C. 503.24, Jennewine and the other remaining township trustee had 30 days after the occurrence of the vacancy to fill it by appointing a replacement but they did not do so.

{¶ 3} R.C. 503.24 prescribes the process for appointing a "person having the qualifications of an elector" in the township to a vacant township-trustee position for either the remainder of the unexpired term or until an election is held. It provides that the remaining township trustees shall make an appointment to fill the position within 30 days of the vacancy. *Id.* If no appointment is made by the remaining township trustees within 30 days, "a majority of the persons designated as the committee of five on the last-filed nominating petition of the township officer whose vacancy is to be filled who are residents of the township" shall make an appointment within a prescribed ten-day period. *Id.* "If at least three of the committee members who are residents of the township cannot be found, or if that number of such members fails to make an appointment" within the prescribed

period, "the presiding probate judge of the county shall appoint a suitable person having the qualifications of an elector in the township to fill the vacancy for the unexpired term or until a successor is elected." *Id*.

{¶ 4} In this case, no appointment was made by the remaining Sylvania Township trustees within 30 days of the position's vacancy; therefore, the appointment authority fell to the designated committee of five. *See id.* All four living members of the committee in this case are residents of Sylvania Township; the fifth committee member died before the township-trustee vacancy occurred. One member of the committee, after attending several meetings at which no appointment to fill the vacant position occurred, stopped participating in committee business and did not attend the August 8 meeting. The three remaining committee members attended the August 8 meeting: two members verbally voted to appoint Johnson as a township trustee, while the third member abstained from the vote. On August 13, the two voting members signed Resolution 24-001, formalizing Johnson's appointment to the vacant township-trustee position. Johnson took the oath of office as a Sylvania Township trustee on August 19. She submitted a bond and has since participated in trustee meetings to the same extent as the elected trustees.

## B. Procedural history

{¶ 5} On August 30, Jennewine filed a complaint seeking writs of quo warranto, procedendo, and mandamus, contesting Johnson's appointment as a township trustee. Jennewine filed his complaint after the county prosecutor declined to initiate a quo warranto action to try to remove Johnson from the appointed position. Jennewine named Judge Puffenberger and Johnson as respondents.

{¶ 6} Both Judge Puffenberger and Johnson filed motions to dismiss. We dismissed all claims against Johnson and dismissed her as a party to this case. 2024-Ohio-5572. We also dismissed the procedendo and quo warranto claims

against Judge Puffenberger. *Id.* But we denied Judge Puffenberger's motion to dismiss Jennewine's claim for a writ of mandamus against him and ordered the judge to file an answer. *Id.* Finally, we granted an alternative writ, setting a schedule for the submission of evidence and briefs. *Id.* Judge Puffenberger filed a timely answer, and both parties submitted briefs in accordance with our order.

{¶ 7} Jennewine asserts that Johnson's appointment to the township-trustee position by the committee of five was not made in accordance with R.C. 503.24, and he asks for a writ of mandamus compelling Judge Puffenberger to appoint someone to the position.

## II. ANALYSIS

### A. Mandamus standard

{¶ 8} To be entitled to a writ of mandamus, a relator must show by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a corresponding clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Beavercreek Twp. Fiscal Officer v. Graff*, 2018-Ohio-3749, ¶ 11. Mandamus is "appropriate where there is a legal basis to compel a public entity to perform its duties under the law." *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 2008-Ohio-1593, ¶ 9. And when a judge fails to make an appointment to fill a vacancy as required by statute, mandamus is an appropriate remedy by which to compel the judge to make the appointment. *See State ex rel. Union Cty. Veterans Serv. Comm. v. Parrott*, 2006-Ohio-92, ¶ 19.

### B. Without a vacancy on the board of township trustees, Jennewine has no clear legal right to the relief he seeks and Judge Puffenberger has no clear legal duty to act

{¶ 9} Jennewine argues that the committee of five failed to comply with R.C. 503.24 when it appointed Johnson to the board of township trustees and, therefore, Judge Puffenberger is required to appoint someone to the position that

Johnson now holds. But statutory noncompliance by the committee would not automatically invalidate Johnson's appointment and create a vacancy to be filled.

{¶ 10} "Under Ohio law, one who assumes public office, even if he is later held to be ineligible to hold office, or if his appointment is later held invalid, is a de facto officer." *State ex rel. Purola v. Cable*, 48 Ohio St.2d 239, 241 (1976). "In other words, to be a de facto officer, the person must appear to be in an office that the person is not entitled to hold, and the person must appear to discharge the duties and responsibilities of that office." *State ex rel. Calvaruso v. Brown*, 2014-Ohio-1018, ¶ 33. A de jure officer, by comparison, "is one who occupies his office through a proper and legal election or appointment and during a constituted term." *State ex rel. Witten v. Ferguson*, 148 Ohio St. 702, 707 (1947).

{¶ 11} A de facto officer may be ousted from his position in a direct proceeding against him, whereas a de jure officer cannot be. *Purola* at 242. "The law validates the acts of *de facto* officers as to the public and third persons on the ground that, although not officers *de jure*, they are, in virtue of the particular circumstances, officers in fact . . . ." *State ex rel. Paul v. Russell*, 162 Ohio St. 254, 257 (1954*)*. And "[w]hile a de facto officer is treated as a de jure officer, the de facto officer's actions are valid only until a proper challenge in a quo warranto proceeding removes him from office." *State ex rel. Huron Cty. Prosecutor v. Westerhold*, 1995-Ohio-86, ¶ 16.

{¶ 12} The parties agree that Johnson has taken the township-trustee oath of office, paid her bond, and participated in township-trustee-board meetings to the same extent as elected trustees. By all accounts, Johnson is at least a de facto officer. Therefore, the exclusive remedy to litigate her right to hold that office is an action in quo warranto. *See State ex rel. Martin v. Shabazz*, 2024-Ohio-5450, ¶ 15 ("Quo warranto is the exclusive remedy to litigate the right of a person to hold a public office.").

**{¶ 13}** Jennewine filed his complaint in this action in mandamus and quo warranto, but we dismissed the quo warranto claim at the pleadings stage. *See* 2024-Ohio-5572. Only the attorney general, a county prosecutor, or a person making a good-faith claim that he is entitled to the office may bring an action in quo warranto to oust Johnson from office. *See* R.C. 2733.05 and 2733.06. Jennewine is none of these. He contends, however, that "[q]uo warranto is not a condition precedent to mandamus," that he is "not asking this court to expel [Johnson] as part of the mandamus claim," and that "this court may issue a writ of mandamus even if someone like Johnson is purporting to occupy the office at issue." But Jennewine conflates the two types of writ actions and the exclusive remedies afforded by each.

**{¶ 14}** In his merit brief, Jennewine relies on *State ex rel. Democratic Executive Commt. v. Brown*, 39 Ohio St.2d 157, 160 (1974) (lead opinion), for the proposition that this court may issue a writ of mandamus to compel an appointing authority to exercise his power of appointment. But it does not follow from *Brown* that a writ of mandamus may be issued in this case to compel Judge Puffenberger to make an appointment to the board of township trustees, because although R.C. 503.24 sets forth a legal duty for the presiding probate-court judge to make an appointment, that duty does not attach until a vacancy exists for which an appointment may be made and it does not operate to effect the removal of a public officer. *See id.* at 159.

**{¶ 15}** While a writ of mandamus may be issued to compel an appointing authority to exercise his power of appointment and fill a vacancy, *see Union Cty. Veterans*, 2006-Ohio-92, at ¶ 19, it cannot be used to compel such action when no vacancy exists, *see State ex rel. Habe v. S. Euclid*, 56 Ohio St.3d 117, 118-119 (1990) (writ of mandamus could not be issued to compel appointments to sergeant positions in municipal police department, because no vacancies existed to which appointments could be made when the petitioner filed his mandamus action).

{¶ 16} Even assuming that Johnson's appointment by the committee of five is invalid for noncompliance with R.C. 503.24, because Johnson had already assumed the position of township trustee when Jennewine filed this action and remains in that position at least as a de facto officer, Jennewine cannot show that he has a clear legal right to the relief he seeks. *See Habe* at 119. Further, a township-trustee vacancy must exist for Judge Puffenberger to have a clear legal duty to make an appointment under R.C. 503.24. *Id.* Since no such vacancy exists, Judge Puffenberger does not have a clear legal duty to act.

{¶ 17} Because Jennewine has failed to satisfy the first two elements required for mandamus relief, mandamus will not lie and we need not address the third element.

### III. CONCLUSION

{¶ 18} Because no township-trustee vacancy exists to which an appointment could be made under R.C. 503.24, Jennewine has failed to show a clear legal right to the relief he seeks or a clear legal duty on the part of Judge Puffenberger to provide that relief. Accordingly, his mandamus claim fails, and we deny the writ.

Writ denied.

—————————

Mayle, L.L.C., Andrew R. Mayle, Richard R. Gillum, Benjamin G. Padanilam, and Nichole K. Papageorgiou, for relator.

Julia R. Bates, Lucas County Prosecuting Attorney, and Steven Papadimos, Kevin A. Pituch, John A. Borell, and Evy M. Jarrett, Assistant Prosecuting Attorneys, for respondent.

—————————